**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MAURICIO ALBERTO MOLINA GIRON, | Civil Action No. 26-2696 (ZNQ) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION** |
| LUIS SOTO, *et al.*, | |
| Respondents. | |

**QURAISHI, District Judge**

This matter comes before the Court on Petitioner Mauricio Alberto Molina Giron's petition for a writ of habeas corpus.  (ECF No. 1.)  Following an order to show cause (ECF No. 2), the Government filed a letter response.  (ECF No. 4.)  Petitioner did not file a reply.  For the following reasons, Petitioner's habeas petition is granted, and Petitioner shall be released.

Petitioner is a native and citizen of El Salvador.  (ECF No. 4 at 5.)  Petitioner entered the United States without admission or inspection in 2006.  (*Id.*; ECF No. 1 at 5.)  Since that time, Petitioner has lived in the United States. (ECF No. 1 at 6.) On March 12, 2026, however, Petitioner was taken into custody by immigration officials and placed in detention without the opportunity for a bond hearing pursuant to 8 U.S.C. § 1225(b)(2) pending removal proceedings.  (ECF No. 4 at 6.)  In his habeas petition, Petitioner argues that he should not be subject to mandatory detention under § 1225(b)(2) in light of his lengthy residence in the United States following his entry. (*See* ECF No. 1.)

In responding to Petitioner's habeas petition and this Court's Order to Show Cause, the Government argues that Petitioner is properly subject to mandatory detention under 8 U.S.C. §

1

1225(b)(2). (ECF No. 4.) The Government acknowledges, however, that Courts in this District have repeatedly rejected the contention that 8 U.S.C. § 1225(b)(2) provides the Government with the authority to detain aliens who have resided within the United States for a considerable period simply because they were not admitted or paroled after inspection at the border. *See, e.g., Valerio v. Joyce*, No. 25-17225, 2025 WL 3251445 (D.N.J. Nov. 21, 2025); *see also Hueso v. Soto*, No. 26-1455, 2026 WL 539271, at 3 (D.N.J. Feb. 26, 2026); *Tyagi v. Soto*, No. 26-962, 2026 WL 478184, at *1 (D.N.J. Feb. 20, 2026). The Government likewise acknowledges that Petitioner falls into this category[1] as he has apparently been at liberty in the United States since 2006. As it is clear that Petitioner falls within the class of people which this Court has previously held cannot be subject to mandatory detention without bond under 8 U.S.C. § 1225(b)(2) as he has resided in the United States for several years after his entry without inspection, his continued detention under that statute is unlawful. *Valerio*, 2025 WL 3251445, at *3. Petitioner's habeas petition must therefore be granted.

The Government argues, however, that if the Court grants the petition it should provide Petitioner only with the bond hearing to which he would be entitled had he been taken into custody under 8 U.S.C. § 1226(a), which the parties appear to agree could provide a lawful basis for detention during removal hearings, albeit with an entitlement to a bond hearing. *See, e.g., Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278-79 (3d Cir. 2018) (potentially removable aliens not subject to mandatory detention statutes are subject to detention under 8

---

[1] The Government distinguishes Petitioner from past cases ordering release for purported § 1225(b)(2) detainees based on two prior DWI convictions from over five years ago that did not result in any injuries. (*See* ECF No. 4 at 2-3.) In so doing, however, the Government does not contend this alters the applicable immigration statutes or this Court's merits analysis, and only argues this issue may be relevant to the question of remedy. (*Id.*) The Court nonetheless finds that based upon the nature of DWI convictions and their temporal remoteness to the current day, release is warranted rather than a bond hearing.

U.S.C. § 1226(a) under which they are entitled to a bond hearing at which they can secure bond by demonstrating they are neither a flight risk or danger). Notwithstanding that Petitioner may be subject to the provisions 8 U.S.C. § 1226(a) in the future, the Government did not take Petitioner into custody under that statute, nor has it provided Petitioner with the procedural protections available to aliens under § 1226(a), including a proper bond hearing at which release on bond is a live possibility. As this Court has explained,

> It is not incumbent upon the Court to fix the Government's flawed application of § 1225(b)(2) by converting Petitioner's detention into a potentially lawful alternate form under a different statute with different procedural requirements and rules. This is especially so in light of the Government's recent actions in immigration proceedings and the Government's continued employment of an oft rejected legal position. *See Hueso*, 2026 WL 539271, at *3-4. Because the Government has only sought to detain Petitioner under 8 U.S.C. § 1225(b)(2), and he is clearly not subject to detention under that statute, and as that statute clearly does not apply to Petitioner, the Government [must] release Petitioner from custody immediately.

*Fajardo-Nugra v. Soto*, No. 26-975, 2026 WL 579192, at *2 (D.N.J. Mar. 2, 2026).

Petitioner's habeas petition (ECF No. 1) shall therefore be granted, and the Government shall release Petitioner immediately. An order consistent with this Memorandum Opinion will be entered.

Date: March 24, 2026

_____s/ Zahid N. Quraishi_____
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**

3